**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SICILIAN FOODS, LLC** **DBA FRANK'S RESTAURANT** **VERSUS** **ATAIN SPECIALTY INSURANCE COMPANY** | **CIVIL NO.** **JUDGE** **MAGISTRATE** |

## NOTICE FOR REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Atain Specialty Insurance Company (hereinafter "Atain"), which files this Notice for Removal pursuant to 28 U.S.C. § 1332 and 1441 to hereby remove this matter from state court to the docket of this Honorable Court and respectfully represents the following:

## BACKGROUND

**1.**

This action has been brought in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *"Sicilian Foods, LLC DBA Frank's Restaurant versus Atain Specialty Insurance Company,"* bearing Civil Action Number 2026-01450, Division E, Section 7, on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, with the Petition for Damages being filed on February 24, 2026. (See Petition for Damages attached hereto as part of Exhibit "A".)

**2.**

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in said action are attached hereto as Exhibit A.

**3.**

This case is a civil action brought by Plaintiff, Sicilian Foods, LLC DBA Frank's Restaurant, seeking to recover damages as alleged in Plaintiff's Petition for Damages. (Petition for Damages attached hereto as part of Exhibit "A").

**4.**

Defendant, Atain Specialty Insurance Company, received service of process via the Louisiana Secretary of State on March 18, 2026; therefore, removal is timely under 28 U.S.C. § 1446(B)(1)-(3).

**BASIS OF REMOVAL**

**5.**

The grounds for removal are diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441—the Defendant is completely diverse from Plaintiff and the amount in controversy exceeds $75,000.00, in light of the damages alleged in Plaintiff's Petition for Damages.

**6.**

Plaintiff, Sicilian Foods, LLC DBA Frank's Restaurant is a limited liability company organized under the laws of Louisiana, and its principal place of business is in the State of Louisiana. On information and belief, Frank J. Gagliano, Jr., is a member/manager of Sicilian Foods, LLC DBA Frank's Restaurant and is a citizen of the State of Louisiana. On information and belief, Anna Saputo is a member/manager of Sicilian Foods, LLC DBA Frank's Restaurant and is a citizen of the State of Louisiana. (See Exhibit B, Louisiana Business Filings for Sicilian Foods, LLC DBA Frank's Restaurant).

2

**7.**

Defendant, Atain Specialty Insurance Company, is a corporation incorporated under the laws of the State of Michigan with its principal place of business in the State of Michigan. Therefore, Atain is a citizen of the State of Michigan for the purposes of diversity jurisdiction.

**8.**

On information and belief, no other co-defendants have been named or served.

**9.**

Because complete diversity exists between Plaintiff – a citizen of the State of Louisiana – and Defendant – which is incorporated with its principal place of business in the State of Michigan – diversity of citizenship exists among the parties.

**10.**

Defendant denies liability for any damages sought by Plaintiff; however, upon information and belief, the amount in controversy exceeds the requisite jurisdictional amount of $75,000.00.

**11.**

Plaintiff, Sicilian Foods, LLC DBA Frank's Restaurant, alleges that its property located at 933 Decatur Street, New Orleans, Louisiana 70116 was damaged as the result of a tornado/windstorm on April 10, 2024, and Hurricane Francine on September 10, 2024. (See Petition for Damages attached hereto as part of Exhibit "A," at ¶ 7-13). The Plaintiff also references damages sustained as a result of Hurricane Ida in conjunction with the denial of the Hurricane Francine damages claimed.[1] (See Petition for Damages attached hereto as part of Exhibit "A," at ¶ 16). As a result, the Plaintiff claims damage to "the roofing, exterior structures,

---

[1]     Atain notes that any and all Hurricane Ida claims that the Plaintiff attempts to assert in this matter are prescribed under the applicable Atain Policy and Louisiana law.

interior structures, and other parts of the buildings." (See Petition for Damages attached hereto as part of Exhibit "A," at ¶ 8). To support its property damage claims, the Plaintiff previously produced estimates for the repair of the property totaling $38,020.00 for the roof and ceiling tiles alone. (See Estimates attached hereto as Exhibit "C").  The Plaintiff additionally claims that it has and continues to incur damages for "business interruption loss," "loss of income," and "extra expenses." (See Petition for Damages attached hereto as part of Exhibit "A," at ¶ 9 and 23). Plaintiff additionally alleges that Atain is liable for penalties, attorney fees, expert fees, costs, and expenses in this matter. (See Petition for Damages attached hereto as part of Exhibit "A," at ¶ 24, 31-35). In all, the Plaintiff claims it has sustained the following damages: (1) damages to the buildings and other structures located at the insured property; (2) mitigation, remediation and repair costs; (3) diminution in value; (4) loss and damage due to delays and/or inability to make appropriate repairs; (5) business income/opportunity loss and extra expenses; (6) penalties as allowed by law; (7) any and all other applicable damages covered under any of the applicable coverages afforded under the policy's sub-coverage limits, including but not limited to increased cost of construction; (8) any and all other consequential damages; and (9) attorney's fees and costs of this proceeding, and all other costs incurred prior to this litigation. See Petition for Damages attached hereto as part of Exhibit "A," at ¶ 36).

**12.**

As discussed above, Plaintiff also seeks statutory penalties and attorney fees pursuant to La. Rev. Stat. 22:1892 and 22:1973. (See Petition for Damages attached hereto as part of Exhibit "A," at ¶ 20). Atain denies that any amounts are due under the policy, and Atain further denies that it acted in bad faith or in an arbitrary, capricious manner. However, the penalties available under La. Rev. Stat. 22:1892 could be 50% of the difference between the amount paid and the

amount found due, and the penalties available under La. Rev. Stat. 22:1973 could be as much as two times the amount of damages. The Plaintiff may also be entitled to reasonable attorney fees and costs. Louisiana federal courts have applied "the standard 33% of total recovery or one-third contingency fee arrangement when calculating attorneys' fees," although some courts have considered a 40% contingency fee for the purposes of removal. *See Pitre v. Am. Bankers Ins. Co. of Fla.*, 2024 WL 316820, at *3 (W.D. La. Jan. 11, 2024)*; Washington v. Liberty Mut. Fire Ins. Co.*, 2012 WL 3096046, at *3 (W.D. La. July 30, 2012); *Musa v. Travel Guard Grp., Inc.*, 2025 WL 2984713, at *3 (E.D. La. Oct. 23, 2025)(considering a 40% contingency fee agreement for attorney fees when determining the amount in controversy). Therefore, upon information and belief, the amount in controversy is beyond the $75,000.00 requirement.

**13.**

The United States Fifth Circuit has found that penalties, statutory damages and punitive damages are to be included in ascertaining the amount in controversy. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998). Relying on this precedent, Louisiana District Courts have included penalties sought under both La. Rev. Stat. 22:1892 and 22:1973 to ascertain the amount in controversy. *See also Pardue v. River Thames Ins. Co.,* 651 F.Supp. 143, 144 (M.D. La. 1986)(penalties for arbitrary and capricious non-payment of insurance claims included when calculating jurisdictional amount in controversy.) Thus, upon information and belief, the amount in controversy is beyond the $75,000.00 requirement.

## REMOVAL PROCEDURE

**14.**

This Notice of Removal is filed within 30 days of the receipt by or service upon the Defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

**15.**

The state court action was commenced on February 24, 2026, and this removal has been filed within 1 year after its commencement.

**16.**

Venue is proper within the Eastern District of Louisiana because the matter is being removed from the Civil District Court for the Parish of Orleans—a court which the Eastern District of Louisiana embraces, and more specifically:

> Honorable Omar Mason
> Judge, Division E – Section 7
> Civil District Court for the Parish of Orleans
> 421 Loyola Avenue, Room 314
> New Orleans, LA 70112
> Ph. 504-407-0240

**17.**

Under 28 U.S.C. §1446(d), the mover affirms that it will give written notice of this removal to all adverse parties and will file a copy of the Notice with the Civil District Court for the Parish of Orleans, State of Louisiana.

**18.**

Pursuant to 28 U.S.C. §1447(b), mover identifies all counsel as follows:

a. *Counsel for Plaintiff – Sicilian Foods, LLC DBA Frank's Restaurant*
Peter Freiberg, Esq. (Bar No. 22912)
Rajan Pandit, Esq. (Bar No. 32215)
Michael Finkelstein, Esq. (Bar No. 35476)
PANDIT LAW FIRM, LLC
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone (504) 313-3800 / Fax (504) 313-3820
Email: pfreiberg@panditlaw.com
        rpandit@panditlaw.com
        mfinkelstein@panditlaw.com

-AND-

MATTHEW M. MIZE, Bar No. 33993
ROBICHAUX, MIZE, WADSACK, RICHARDSON & WATSON, LLC
1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, LA 70602
Telephone (337) 433-0234 / Fax (337) 433-8595
Email: mmm@rmwlegal.com

b. *Counsel for Defendant— Atain Specialty Insurance Company*
James A. Prather, Esq.
Joshua H. Dierker, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana  70471
Ph. (985)-674-6680/Fax (985)-674-6681
Email: jprather@gallowaylawfirm.com
        jdierker@gallowaylawfirm.com

**19.**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal.  He likewise certifies that to the best of his knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

7

**WHEREFORE,** Defendant, Atain Specialty Insurance Company, prays that this Notice of Removal be accepted as good and sufficient, and that this civil action be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court for trial and determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the Civil District Court for the Parish of Orleans, State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted:

**GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, APLC**

 */s/ Joshua H. Dierker*_____
**JAMES A. PRATHER (#20595) (T.A.)**
**JOSHUA H. DIERKER (#35109)**
3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70471
Ph. (985) 674-6680/Fax (985) 674-6681
Email: jprather@gallowaylawfirm.com
          jdierker@gallowaylawfirm.com
***Counsel for Atain Specialty Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2026, a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

 */s/ Joshua H. Dierker*_____
**JOSHUA H. DIERKER**

8