E

Section 7

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO. _____                                DIVISION ___

### SICILIAN FOODS, LLC DBA FRANK'S RESTAURANT

### VERSUS

### ATAIN SPECIALTY INSURANCE COMPANY

FILED: _____          _____

                                          **DEPUTY CLERK**

### PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Sicilian Foods, LLC d/b/a Frank's Restaurant, which respectfully submits this Petition for Damages against Defendant, Atain Specialty Insurance Company, and respectfully avers as follows:

### PARTIES

**1.**

Plaintiff, Sicilian Foods, LLC d/b/a Frank's Restaurant ("Frank's Restaurant" or "Plaintiff"), is a limited liability company organized in the State of Louisiana, and which has its domicile address located in the City of New Orleans, within Orleans Parish, State of Louisiana.

**2.**

Made Defendant herein is Atain Specialty Insurance Company ("Atain" or "Defendant"), a foreign insurance company incorporated and doing business in the State of Michigan, which, upon information and belief, has its principal place of business located in the State of Michigan.

### JURISDICTION AND VENUE

**3.**

Subject matter jurisdiction is proper in this Honorable Court pursuant to Louisiana Constitution Article 5, Section 16, and because the amount in controversy exceeds that of all lower courts. The Court has personal jurisdiction over Defendant because it is doing business in the State of Louisiana.

EXHIBIT

**A**

VERIFIED

Kasie Jiles

2026 FEB 25   A 08:49

E-Filed

FILED

2026 FEB 24   A 10:44

CIVIL

DISTRICT COURT

E

Section 7

**4.**

Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 76 because this is an action on an insurance policy, and part of the loss occurred in Orleans Parish, where the insured property is located, and the insured is domiciled in Orleans Parish.

**FACTUAL BACKGROUND**

**5.**

At all times relevant hereto, Plaintiff has owned the real estate and the building located at 933 Decatur Street, New Orleans, Louisiana 70116 (the "Insured Property").

**6.**

At all times relevant hereto, Defendant provided Plaintiff with first-party property insurance written in an insurance policy, bearing Policy Number BWPF0071857R02 (hereinafter "the Policy"), which covered the Insured Property against loss and damage caused by, among other perils, tornadoes, wind, and rain. The Policy was in full force and effect at the time of the covered loss event that is the subject of the instant lawsuit.

**7.**

On or about April 10, 2024, the Insured Property was damaged as the result of a tornado / windstorm ("the Subject Loss" or "the Loss Event").

**8.**

The Insured Property sustained physical damage to the roofing, exterior structures, interior structures, and other parts of the buildings as a result of the Loss Event. In addition, water has infiltrated the structure, causing damage to the interiors of the building.

**9.**

In addition to the physical damages, the damage to the Insured Premises caused by the Loss Event resulted in business interruption loss and loss of income to Plaintiff, and the Loss Event also caused Plaintiff to incur extra expenses as a result of the damage caused to the building.

**10.**

Frank's Restaurant took reasonable steps to mitigate the damages caused by the loss event as soon as was reasonably possible.

E-Filed

2026-01450

**E**

Section 7

FILED

2026 FEB 24   A 10:44

CIVIL

DISTRICT COURT

**11.**

Frank's Restaurant notified Atain of the damage, and a claim was eventually opened under Claim Number 2105600.

**12.**

Initially, rather than open a claim for the April 10, 2024 date of loss, Defendant first advised that it would not reopen Plaintiff's Hurricane Ida claim (Claim Number: 2105600, Policy Number: CIP426322).

**13.**

However, Atain opened a claim for Hurricane Francine with a date of loss of September 10, 2024 under Claim No. 2400965.

**14.**

Defendant inspected the property on September 25, 2024 through a field adjuster with its third-party administrator Davies Claims North America.

**15.**

Defendant re-inspected the property on November 18, 2024 through its engineer with Rimkus. Rimkus issued a report blaming the reported damage on Hurricane Ida and therefore Atain issued a denial to Plaintiff of its claim (still referencing the date of loss of September 10, 2024 under Claim No. 2400965).

**16.**

Atain's denial claimed that the damage "was the same damage that was identified in the inspection photos from the prior Hurricane Ida claim, 2105600." Atain had not paid Frank's at the time of Hurricane Ida for all of the damage being claimed. Moreover, it blamed other damage on "prior unrepaired damages, installation defects and faulty, inadequate, or defective maintenance." Thus, Atain denied the claim entirely, concluding "damage to the building was pre-existing prior to the date of loss and is the result of a failure to repair damage sustained by Hurricane Ida." As a result, Atain has withheld from Plaintiff entirely insurance payments needed to complete repairs to the property as a result of the subject loss.

E-Filed

**E**

**Section 7**

FILED

2026 FEB 24   A 10:44

CIVIL

DISTRICT COURT

17.

Defendant, directly and/or through its agents and loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Insured Property.

18.

Defendant failed to pay the amount due to Plaintiff in connection with the subject claim within thirty (30) days after receipt of satisfactory proof of loss, and also failed to make a written offer to settle Plaintiff's property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claim.

19.

Defendant has been in possession of sufficient documentation to fully apprise itself of the actual loss and damage to the Insured Property as a result of the subject loss event. Defendant failed to pay Plaintiff the actual amount of the loss due under the Policy despite having satisfactory proof of loss for more than sixty (60) days.

20.

Defendant breached its affirmative duties under LSA-R.S. § 22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

21.

Defendant's failure to timely pay benefits owed under the Policy has placed the Insured Property at risk.

22.

Defendant has unjustifiably failed and/or refused to perform its obligations under the Policy and has wrongfully or unfairly limited payment on the Plaintiff's claims.

23.

Because of Defendant's failure to timely compensate Plaintiff for losses that are clearly covered and owed under the Policy, Plaintiff has and will continue to sustain and/or incur additional business losses and/or extra expenses.

24.

As a result of Defendant's bad faith conduct in connection with its adjustment of these claims, Plaintiff has incurred and will incur professional expenses, including expert and/or

4

FILED

2026 FEB 24   A 10:44
CIVIL
DISTRICT COURT

attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the Policy in connection with Plaintiff's claims.

## CAUSES OF ACTION

### A. Breach of Insurance Contract

**25.**

Plaintiff realleges and re-avers the allegations contained in the preceding paragraphs above, as if restated herein.

**26.**

The Policy is an insurance contract between Plaintiff and Defendant that provides coverage for the losses resulting from the Loss Event.

**27.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds that are owed to Plaintiff under the Policy.

**28.**

Upon information and belief, Defendant has breached the insurance contract by, among other things:

(i)    purposely and/or negligently failing to timely tender undisputed insurance proceeds;

(ii)   conducting the investigation and claims handling in bad faith;

(iii)  failing to adequately compensate Plaintiff for the damages to the Insured Property, as required by the Policy; and

(iv)   other acts and omissions as may be proven at the time of trial.

**29.**

Plaintiff has suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

### B. Bad Faith Damages for Violations of LSA-R.S. § 22:1892 and § 22:1973.

**30.**

Plaintiff realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

5

E-Filed

2026-01450

E

Section 7

**31.**

Pursuant to LSA-R.S. § 22:1892, Defendant was required to unconditionally tender payment to Plaintiff for reasonably undisputed damages caused by the subject loss event within thirty (30) days of Defendant's receipt of satisfactory proof of loss. Defendant received satisfactory proof of loss when its adjuster(s) inspected the Insured Property, but failed to pay the claim within thirty (30) days thereof.

**32.**

Defendant's failure to pay adequate amounts timely in this matter was arbitrary, capricious, or without probable cause.

**33.**

Pursuant to LSA-R.S. § 22:1892, Defendant is liable to Plaintiff for a penalty equal to fifty percent (50%), in addition to the amount of the loss, of the amount due from Defendant, as well as reasonable attorney's fees and costs, for Defendant's failure to unconditionally tender the amounts owed to Plaintiff within thirty (30) days after receipt of satisfactory proof of loss, and within thirty (30) days after its receipt of the appraisal awards.

**34.**

Pursuant to LSA-R.S. § 22:1973, Defendant is additionally liable to Plaintiff for actual damages, for Defendant's misrepresentations of pertinent facts concerning the amounts owed, coverages, and provisions under the Policy, as well as for failing to unconditionally tender the amounts owed to Plaintiff within sixty (60) days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

**35.**

Pursuant to LSA-R.S. § 22:1973, in addition to actual damages for its breaches of the statute, Defendant is also liable to Plaintiff for a penalty of up to two times the actual damages Plaintiff sustained or five thousand dollars, whichever is greater.

## DAMAGES

**36.**

As a result of the actions of Defendant, Plaintiff has suffered the following non-exclusive past, present, and future damages, in amounts reasonable in the premises:

6

**E**

**Section 7**

FILED

2026 FEB 24   A 10:44

CIVIL

DISTRICT COURT

a.   Damages to the buildings and other structures located at the Insured Property;

b.   Mitigation, remediation and repair costs;

c.   Diminution in value;

d.   Loss and damage due to delays and/or inability to make appropriate repairs as a result of inadequate insurance payments;

e.   Business income/opportunity loss and extra expenses;

f.   Penalties as allowed by law;

g.   Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to increased cost of construction;

h.   Any and all other consequential damages caused by Defendant's breaches;

i.   Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches; and

j.   Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

### JURY DEMAND

### 37.

Plaintiff demands a trial by jury for all issues so triable.

### REQUEST FOR RELIEF

### 38.

**WHEREFORE**, Plaintiff, Sicilian Foods, LLC d/b/a Frank's Restaurant, prays that after due proceedings, there be judgment rendered herein in Plaintiff's favor and against Defendant, Atain Specialty Insurance Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance Policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, legal interest from date of judicial demand until paid, and for any and all other general and equitable relief that may be appropriate.

Respectfully submitted,

Date:  February 24, 2026                    **PANDIT LAW FIRM, LLC**

7

E-Filed

2026-01450

E

Section 7

Case 2:26-cv-00623-JCZ-MBN    Document 1-1    Filed 03/23/26    Page 8 of 8

FILED

2026 FEB 24   A 10:44

CIVIL

DISTRICT COURT

**PETER FREIBERG**, Bar No. 22912
**RAJAN PANDIT**, Bar No. 32215
**MICHAEL FINKELSTEIN**, Bar No. 35476
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone:    (504) 313-3800
Facsimile:    (504) 313-3820
Email: pfreiberg@panditlaw.com
        rpandit@panditlaw.com
        mfinkelstein@panditlaw.com

and

**ROBICHAUX, MIZE, WADSACK,
RICHARDSON & WATSON, LLC
MATTHEW M. MIZE,** Bar No. 33993
1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, LA 70602
Telephone:    (337) 433-0234
Facsimile:    (337) 433-8595
Email:        mmm@rmwlegal.com

*Counsel for Plaintiff, Sicilian Foods, LLC d/b/a
Frank's Restaurant*

**PLEASE ISSUE A CITATION AND SERVE:**

**ATAIN SPECIALTY INSURANCE COMPANY**
*Through its registered agent for Service of Process*
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

8

E-Filed