UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SICILIAN FOODS, LLC<br>*D/B/A FRANK'S RESTAURANT* | CIVIL ACTION |
| VERSUS | NO. 26-623 |
| ATAIN SPECIALTY INSURANCE COMPANY | SECTION "A" (5) |

## ORDER AND REASONS

Before the Court is Defendant's **Motion to Stay Pursuant to L.A. R.S. 22:1892.2 and Extension of Responsive Pleading Deadline (R. Doc. 8).** Plaintiff, Sicilian Foods, LLC d/b/a Frank's Restaurant ("Frank's Restaurant"), opposes the motion. The motion, set for submission on May 13, 2026, is before the Court on the briefs without oral argument. For the following reasons, the Court **GRANTS** the motion.

### I.   BACKGROUND

On February 24, 2026, Frank's Restaurant filed a petition in state court seeking damages for losses to its business, located in Orleans Parish, allegedly caused by a windstorm on April 10, 2024.[1] At the time the damage was sustained, Frank's Restaurant was covered by an insurance policy issued by Atain Specialty Insurance Company ("Atain"). In response to the severe storms and tornadoes, the Governor of Louisiana declared a state of emergency for the parishes impacted by the windstorms, qualifying the event as a "catastrophic loss" under La. R.S. § 22:1892(B)(1)(c) ("'Catastrophic loss' means a loss that arose from a natural disaster, windstorm, or significant weather-related event that was a presidentially declared emergency or disaster or a gubernatorially declared emergency or disaster.").[2]

---

[1] R. Doc. 1-1, Pet. For Damages, ¶ 7.
[2] R. Doc. 10-2, State of Emergency–Severe Storms and Tornadoes–April 10, 2024. Although the Gubernatorial Declaration does not specifically name Orleans as a parish that has been impacted by these

1

Frank's Restaurant claims that all of its losses arose out of the windstorm event on April 10, 2024. However, throughout the petition, it references both Hurricane Francine (which occurred after the windstorm event) and Hurricane Ida (which occurred before).[3] Frank's Restaurant explained that the references to other hurricanes "appear only as background context explaining how Atain mishandled the April 10, 2024, claim."[4] Frank's Restaurant claims that "rather than properly opening a claim for the April 10, 2024, date of loss, Atain first advised that it would not reopen Plaintiff's Hurricane Ida claim. Atain then opened a separate claim for Hurricane Francine with a date of loss of September 10, 2024, under Claim No. 2400965, and conducted its claim investigation, inspection, and engineering analysis under that date."[5] Conversely, Atain argues this lawsuit is based, in part, on Plaintiff's claim for damages allegedly arising out of Hurricane Francine on September 11, 2024.[6] Further, Atain did not receive notice of any claim until the end of July 2024.

Atain is now asking the Court to grant a stay and an extension of the responsive pleading deadline. La. R.S. § 22:1892.2 requires insureds to take certain actions as a condition precedent to filing claims alleging bad faith. Atain contends that Frank's Restaurant's claims fall under the statute because the damages were at least partially caused by Hurricane Francine, which made landfall after the statute went into effect.[7] Alternatively, Atain argues that the statute still applies to any claim solely arising from the April 10, 2024 windstorm because Atain did not receive notice

---

severe storms, it includes a catch-all provision that states "numerous other parishes have issued emergency declarations, are executing their emergency response plans, and may require assistance from the State of Louisiana to provide resources to protect the life, safety, and welfare of the citizens …" The Court finds this sufficient to meet the requirement for the event to qualify as "catastrophic loss" under La. R.S. § 22:1892(B)(1)(c) for all affected locations.

[3] *See generally* R. Doc. 1-1.

[4] R. Doc. 9, Pl.'s Opp. to Def.'s Mot. to Stay, at 2.

[5] *Id.*

[6] *See generally* R. Doc. 8-1, Memo. In support of Mot. to Stay.

[7] R. Doc. 8, Mot. for Stay, at 1.

of the claim until after July 1, 2024.[8] Therefore, any alleged bad faith by Atain occurred after the enactment of § 22:1892.2.[9]

## II.    APPLICABLE LAW

As of July 1, 2024, the Louisiana State Legislature enacted reforms and amendments to Louisiana's bad faith penalty statutes. *See* La. Act 3 of 2024 (SB 323). The most pertinent addition is La. R.S. § 22:1892.2, which now governs bad faith claims for catastrophic losses. The statute imposes new deadlines for insurers to issue payment following receipt of satisfactory written proof of loss. The insurer's failure to comply with these deadlines entitles the insured to recover a 50% penalty, plus proven economic damages, attorney's fees, and costs—provided the failure is found to be arbitrary, capricious, or without probable cause. LA. R.S. § 22:1892.2(B)(1). However, § 22:1892.2 (C) also mandates a sixty-day "cure period notice" before the insured can file a bad faith suit seeking statutory penalties. This cure period notice requires the insured to provide a "formal written demand providing sufficient notice of the facts and circumstances of the dispute." LA. R.S. § 22:1892.2(C)(2). Importantly, "if any suit is filed prior to transmitting the cure period notice […] it shall be automatically stayed until sixty days after the cure period notice is received." And "the delay for answering any suit shall automatically be extended until thirty days after the end of the cure period."

Insurers have a major incentive to "cure" the alleged violation by paying the amount alleged in the proof of loss together with actual expenses and attorney's fees. If the insurer pays the full amount sought in the notice within sixty days, the insured has no further cause of action under § 22:1892.2, meaning that it cannot seek the 50% penalty otherwise available. If the insurer makes only a partial payment, the penalty on the amount paid is reduced by half. Although the

---

[8] R. Doc. 10, Reply Memo. in Support, at 2.
[9] *Id.*

issue of whether the insurer owes penalties if it does not tender payment within the statutory deadline is still a question for the fact finder, § 22:1892.2 gives insurers at least one avenue to avoid penalties as a matter of law.

### III.    DISCUSSION

The dispute is whether/when bad faith conduct occurred in this action and whether/when Atain received satisfactory proof of loss from Frank's Restaurant. After reviewing the pleadings, the Court finds that Frank's Restaurant has only brought a claim for losses arising from the April 10, 2024 windstorm, not from Hurricanes Francine or Ida. So, the issue before the Court is whether the bad faith statutes in place on April 10, 2024, govern this claim. Or must Frank's Restaurant comply with the cure period notice required by § 22:1892.2 because the alleged bad faith occurred after the statute was enacted.

In its Opposition, Frank's Restaurant makes the argument that "applying La. R.S. § 22:1892.2 to this claim would give the statute impermissible retroactive effect" because "Louisiana law disfavors retroactive application of statutes, particularly where doing so would impose new substantive obligations."[10] To the Court's knowledge, there has been no jurisprudence on the retroactive application of § 22:1892.2. Usually, this would require the Court to engage in a "two-fold inquiry" to determine if 1) the legislature expressed an intent concerning the retroactive or prospective application of the law, and if no intent is expressed by the legislature, then 2) the Court must classify the law as either substantive, procedural, or interpretive. *Church Mut. Ins. Co. v. Dardar*, 145 So. 3d 271, 279 (La. 2014).

Here, there is no indication that the legislature intended for § 22:1892.2 to apply retroactively.  However, any analysis of the temporal effect of the statute is unnecessary because

---

[10] R. Doc. 9 at 3.

the triggering event is Atain's alleged bad faith, which occurred after the statute was enacted, not the loss caused by the windstorm event which occurred before. The Louisiana Supreme Court determined that "the triggering event for the Louisiana Bad Faith Statute is submission of a satisfactory proof of loss, not the occurrence of an event upon which an insurance claim may arise." *Berk-Cohen Assocs., v. Landmark Am. Ins. Co.*, No. 07-9205, 2009 WL 2777163, at *8 (E.D. La. Aug. 27, 2009) (Morgan, J.) (citing *Sher v. Lafayette Ins. Co.* 988 So. 2d 186, 199 (La. 2008)); *see also Manuel v. La. Sheriff's Risk Mgmt. Fund,* 664 So. 2d 81 (La. 1995) (determining that an insurer was liable for statutory penalties because the bad faith claim first arose after the statute's effective date, even though the policy was perfected and the accident occurred prior to the statute's effective date).

Atain asserts that it did not receive notice of any claim related to the windstorm until a "public adjuster at Irwin Associates International provided a Letter of Representation and Co-payment Notice to Atain on or about July 24, 2024."[11] Further, "to date, Plaintiff has not provided Atain with any information regarding the alleged damage."[12] Frank's Restaurant does not dispute these allegations, nor did it supply any documentation that any proof of loss was submitted before the statute's enactment date on July 1, 2024. Instead, Frank's Restaurant relies on the fact that the damage only stems from the April 10, 2024 windstorm which occurred prior to the statute, and that, absent Legislative intent, Louisiana courts apply substantive laws prospectively only.[13]

The Court finds that because Atain did not have knowledge of the claim until July 24, 2024, it could not have acted bad faith until after § 22:1892.2 was already in effect. Therefore, Frank's Restaurant's bad faith claim against Atain is subject to the cure period notice requirement under §

---

[11] *Id.*
[12] *Id.* at 3.
[13] *See generally* R. Doc. 9.

22:1892.2, and the Court must automatically stay the case and extend the pleading deadline until the notice requirement has been satisfied. *See* LA. R.S. § 22:1892.2(C)(7) ("If any suit is filed prior to transmitting the cure period notice required by this Subsection, it shall be automatically stayed until sixty days after the cure period notice is received. The delay for answering any suit shall automatically be extended until thirty days after the end of the cure period").

Accordingly;

**IT IS ORDERED** that the **Motion to Stay and Extension of Responsive Pleading Deadline (R. Doc. 8)** filed by Defendant is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED** until sixty (60) days after Defendant receives the cure period notice from Plaintiff, at which time either party can move to reopen the case.

June 10, 2026

_____

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

6